IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DISTRICT

| | |
|---|---|
| **RICHART MOLLO-CORIPUNA**<br>7236 Montgomery Road, Apt. 1C<br>Elkridge, MD 21075<br><br>   *Plaintiff*,<br> v.<br><br>**BRITTANY MOORE**<br>*Individually and in her personal capacity*<br>c/o Howard County Police Department<br>3410 Court House Drive<br>Ellicott City, MD 21043<br><br>   *Defendant*. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, the Plaintiff, Richart Mollo-Coripuna (hereinafter "Plaintiff"), by and through undersigned counsel, Sakhouy Lay, and Lay Law Office, LLC, and Benjamin Kurtz, Esq. of Kurtz, Peters & Associates, LLC, hereby files suit for damages against the Defendant, Detective Brittany Moore (hereinafter "Moore"). In support of this claim, Plaintiff avers the following:

**THE PARTIES**

1. Plaintiff, Richart Mollo-Coripuna, is an adult resident of Howard County, Maryland.

2. Defendant, Brittany Moore, ID #6058, is and was, at all times relevant, a Detective in the Howard County Police Department, in the State of Maryland, and at all times relevant hereto was acting in her official capacity as a Howard County police detective.

## JURISDICTION AND VENUE

3. Plaintiff placed Defendant on notice of his claims as required by the Maryland Courts and Judicial Proceedings Section § 5-304, by certified mail and written notice to Calvin Ball, Howard County, Maryland, County Executive, 3430 Courthouse Drive, Ellicott City, MD 21043, on September 14, 2023, with a certified mail copy in return, within the requisite period. The certified mail receipt was served on September 8, 2023, with a return receipt on September 14, 2023.

4. Plaintiff has complied with all legal and other preconditions (and/or conditions precedent) to properly file this suit, including any notice requirements and/or exhaustion of remedies.

5. Plaintiff has complied with all legal and other post-conditions (and/or conditions subsequent) to properly file this suit, including any and all notice requirements and/or exhaustion of remedies.

6. Alternatively, all parties waived all legal and other preconditions (and/or conditions precedent) to properly file this suit, including any notice requirements and exhaustion of remedies.

7. Alternatively, all parties waived all legal and other post-conditions (and/or conditions subsequent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

8. The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and/or 42 U.S.C. §1983, this being, in part, an action authorized by law to redress the deprivation of rights secured to the Plaintiff by the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 1983 since

the actions Plaintiff complains of occurred and arose in Howard County, State of Maryland.

**FACTS COMMON TO ALL COUNTS**

10. This case arises from the arrest and incarceration of the Plaintiff on or about September 22, 2022. Plaintiff was wrongfully arrested, pursuant to an arrest warrant that was sought and received, by Moore's direction, in bad faith and in violation of Plaintiff's rights.

11. Mr. Mollo-Coripuna was involved in a romantic relationship with Luz de Angeles Colocho whom he met online. In the days leading up to February 20, 2022, the parties exchanged loving text messages, communicated that they should get a room together and sleep together. On February 20, 2022, the parties held hands walking across the parking and into the Valencia Motel in Laurel, Maryland. The following day the parties exchanged affectionate messages. However, by February 22, 2022, the parties ended their relationship with Mr. Mollo-Coripuna blocking Ms. Colocho from contacting him.

12. On or about February 23, 2022, Luz de Angeles Colocho, the alleged victim, feigned unconsciousness and was transported to Montgomery General Hospital. After being cleared medically, she subsequently accused her ex-boyfriend, Richart Mollo-Coripuna, of rape and assault, alleging that the incident occurred on February 20, 2022, at the Valencia Hotel at 10131 Washington Boulevard North, Laurel, MD 20723. Detective Moore and DFC Falconer interviewed Ms. Colocho on February 24, 2022.

13. The Statement of Charges in State of Maryland v. Richart Mollo-Coripuna, Case No. D-101-CR-22-001266 (District Court of Maryland for Howard County) indicates that Colocho reported that she recently moved from El Salvador to Maryland in June 2021 and that she met Mollo-Coripuna three months prior through a dating website. According to the statement, Mollo-Coripuna attempted to deceive Colocho into marrying him and extorting money from her.

Additionally, it is mentioned that Colocho ended their relationship about a month earlier due to a previous assault.

14. Per the Statement of Charges, on February 20, 2022, around 5:00 a.m., Mollo-Coripuna expressed a desire to speak with Colocho. Despite her refusal, he still went to her place and arrived at approximately 8:30 a.m. Colocho mentioned that she explicitly said "no," but he convinced her to get into the car and asked for forgiveness, disregarding her objections about ending the relationship. According to the Statement of Charges, Mollo-Coripuna made immigration threats, causing Colocho to fear calling the police. He then drove them to the Valencia Hotel and paid for a room. In the hotel room, he made her undress to "inspect her" and accused her of being unfaithful. He forcefully grabbed her hair, hit her buttocks with both hands, and inserted a finger into her anus. Despite her pleas to stop and expressing pain, he continued. He then engaged in sexual intercourse and inserted his penis into her vagina. Afterward, he searched for apartments with her before taking her home. The following day, on Monday, February 21, 2022, he found her at her workplace and started calling her derogatory names because she was trying to avoid him and did not want to go with him. She claims that he didn't threaten her with weapons but used other means, such as threatening to report her to immigration, saying things like "if you don't want to see me angry, you will do as I say," and so on. Detective Moore then requested that Mollo-Coripuna be charged with Rape First Degree, Rape Second Degree, Sex Offense Third Degree, and Assault Second Degree in her September 22, 2022, application.

15. An arrest warrant was served on Mr. Mollo-Coripuna five days later, on September 27, 2022, where he was arrested at the Giant Foods that he was employed and taken into custody with handcuffs, a waist restraint and iron legs and then transported to the Howard County Detention Center in Jessup, Maryland.

16. From September 27, 2022, to November 3, 2022, for 37 days, Mr. Mollo-Coripuna was held without bail at the Howard County Detention Center.

17. Additionally, from November 3, 2022, to February 15, 2023 (date of acquittal), for 141 days, Mr. Mollo-Coripuna was placed under GPS monitoring with an ankle monitor bracelet as a special pretrial condition.

18. Detective Moore's omission and misrepresentations in her Application for Statement of Charges she had applied for on September 22, 2022, violated Mr. Mollo-Coripuna's Fourth Amendment rights.

19. Despite Detective Moore's complete forensic extraction of Mr. Mollo-Coripuna's iPhone 11, performed by Detective Joshua LaPier, a certified forensic examiner/investigator for the Howard County Police Department, contradicting the alleged victim's version of events and exculpating Mr. Mollo-Coripuna of the alleged crimes, Detective Moore failed to include crucial information in the Statement of Charges which were known to Detective Moore and should have been included her affidavits.

20. The following important details were omitted from the Application for Statement of Charges executed by Detective Moore, all of which Detective Moore had knowledge of prior to September 22, 2022, the date she filed for charges:

- The forensic extraction of Plaintiff's phone revealed no evidence of any crime, even after reviewing 46,411 images and videos.
    - This contradicted her statement about getting texts threatening 'immigration consequences' and other threats she alleged in her video taped interview with Detective Moore.
- Examining all Chat/SMS/Instant messages also failed to reveal evidence of a crime,

5

admission to the incident, or any communications about it. Furthermore, the last communication on February 22, 2022, at 0752 hours, indicated that Mollo-Coripuna blocked Colocho, not the other way around, as alleged by Colocho.

- o This contradicted her version about being harassed by the Plaintiff and having to 'block him'; additionally, it contradicted her statements to Detective Moore in her interview in where she (Ms. Colocho) stated she had "erased" all of the texts of Mr. Mollo threatening and or harassing her, when Detective Moore requested to see the alleged texts during the interview. The extraction showed no such texts were sent by the Plaintiff.

- The communications between the parties on February 19, 2022, indicated their plan to meet and sleep together, with Colocho requesting Mollo-Coripuna to get them a room.

  - o This contradicted her version to Detective Moore that Mr. Mollo 'called her at 5am' the morning of the alleged rape and then just "showed up at her house".

- The extracted communications from the phone also revealed affectionate text messages exchanged by the parties the morning after the alleged rape, February 21, 2022, with Colocho stating, "Good morning, love."

  - o This contradicted her statement during the interview regarding Mr. Mollo 'stalking' her at her work and calling her names.

- Despite the alleged victim's claims, the extracted communications from the phone failed to include any evidence of any threats made by Mr. Mollo-Coripuna.

6

- Detective Moore also failed to include in her Application for Statement of Charges that the video surveillance from the Valencia Motel showed the parties **holding hands** when entering the motel together. Additionally, the video showed that the alleged victim was sitting in the car alone for over five minutes while the Plaintiff rented the room, out of sight from the Plaintiff, and never attempted to escape her "captor".
- Messages and pictures extracted from the Plaintiff's phone showed that on the 22nd the Plaintiff started to observe painful sores on his penis for which he immediately knew was from some form of a venereal disease that he contracted from the alleged victim, which was the reason he blocked her and cutoff communications with her; not the other way around as alleged by Ms. Colocho in her statement to Detective Moore.
- The GPS data recovered during the phone extraction proved that after they arrived at the Valencia Hotel at 12:30pm, left the hotel around 1:15 pm, and then spent the remainder of the day together, including having lunch, then arriving at the Plaintiff's home around 4:45 pm, and then the Plaintiff dropped off the alleged victim at her home around 8:12 pm.
  - This contradicted her story about being driven around to four different hotels before finally coming to the Valencia Hotel. The GPS locations pulled from the Plaintiff's phone proved that they went to two hotels (the first one not having any availability) and then going to the Valencia.

21. By omitting the exculpatory evidence from the phone extraction and the video surveillance in her Statement of Probable Cause, that absolutely negated any evidence of the

7

alleged crime, Detective Moore caused the issuance of criminal charges against Mr. Mollo-Coripuna, including Rape First Degree, Rape Second Degree, Sex Offense Third Degree, and Assault Second Degree in <u>State of Maryland v. Richart Mollo-Coripuna</u>, Case No. D-101-CR-22-001266.

22. Even by the complainant's account, no evidence even supported a first-degree rape charge, yet Detective Moore still applied for a first-degree rape charge to be issued.

23. At the criminal trial held on February 15, 2022, in the Circuit Court for Howard County, Maryland, in <u>State of Maryland v. Richart Mollo-Coripuna</u>, Case No. C-13-CR-22-000470, Detective Moore admitted on cross-examination that she erroneously charged Mr. Mollo-Coripuna with committing first-degree rape, which was not supported by the facts. The following dialogue ensued:

> Q: Do you know the difference between first-degree rape and second-degree rape?
>
> ASA Stamidis: Objection, Your Honor.  May we approach?
>
> The Court: Sure.
>
> (Counsel approached the bench, and the following occurred.)
>
> Ms. Stamidis: I anticipate the, route that counsel is going down, is that in the charging document, the commissioner authorized charges of first-degree rape. I don't see the relevance to this case>
>
> Mr. Kurtz: She requested them.
>
> Ms. Stamidis: And that's, but the commissioner authorized them.
>
> The Court: I'm going to allow it.
>
> (Counsel returned to trial tables and the following occurred in open court.)
>
> Q: Do you know the difference between first-degree rape and second-degree rape:
>
> A: Yes.
>
> Q: What is the difference?
>
> A: the threat of a weapon being used is one of the scenarios for first-degree rape. Other one is that multiple parties are involved.

Q: Can you tell me all the investigative techniques you use, all the evidence you gathered, where you came up with either of those scenarios to charge him, having him charged with first-degree rape?

A: I was thinking that this was a threat of force when I charged that.

Q: Does it say threat of force, first-degree rape?

A: No it does not.

Q: So you don't know what first-degree rape is?

A: I do.

Ms. Stamidis: Objection.

Q: You just overcharged that?

A: No.

Q: You didn't over charge, you are saying first-degree rape was warranted?

A: No.  In this case I made a mistake with the first-degree.

…

Q: So if you know the difference and they said charge rape, and you said I just charge whatever rape I want to charge, or do you think the facts have to back up your charges?

A: It's not charging whatever I want to charge. I made a mistake by charging first-degree, when it needed to be second-degree which I charged as well.

Q: So it wasn't a mistake, you charged first and second-degree.

A: Correct.

…

Q: How is that a mistake?

The Court: Okay. If you can explain your thought process, please do.

A: When I was charging I was believing that the first-degree is include into the threat of force, that's what I was believing, that's why I said I made a mistake when I was writing out the charges.

24. By September 27, 2022, the Arrest Warrant was served on Mr. Mollo-Coripuna in <u>State of Maryland v. Richart Mollo-Coripuna</u>, Case No. D-101-CR-22-001266 (in the District Court of Maryland for Howard County). As a result of being charged with first-degree rape, he was held without bond.

25. Additionally, during cross examination of Detective Moore, she admitted to reviewing

9

all of the messages downloaded and having them translated by certified Spanish speaking officers.

26. Moreover, Detective Moore acknowledge reviewing the video footage of the parties arriving at the hotel, and unlike in her statement of probable cause for a search warrant wherein she stated the Plaintiff went around to the alleged victims side of the car and "retrieved" her from it, she was forced to admit that video actually showed the Plaintiff never "retrieved" Ms. Colocho, but infact Ms. Colocho got out of the car and rapidly went up to the Plaintiff and grabbed his hand and walked hand in hand to the hotel room.

27. Detective Moore had all of the video evidence, GPS location evidence, and complete phone extraction months prior to authoring and signing under oath an application for statement of charges. Yet she omitted all of the uncontradicted and objective evidence that completely contradicted the alleged victims version from her probable cause statement.

28. On October 12, 2022, in the <u>State of Maryland v. Richart Mollo-Coripuna</u>, Case No. C-13-CR-22-000470, in the Circuit Court for Howard County, Maryland, Mr. Mollo-Coripuna was indicted on two counts of second-degree rape, two counts of fourth-degree sexual offense, and one count of second-degree assault.

29. Howard County, as is the practice in most counties in Maryland, will have an investigator or someone from the office of the State's Attorney simply read the statement of probable cause that was used to issue the original warrant to the grand jury to secure an indictment.

30. As Detective Moore omitted all of the material facts that completely contradicted the 'facts' that had been reported to her by the alleged victim, she mislead the grand jury by not correcting the record and allowing the grand jury to make a finding based on erroneous information.

31. The information used to procure the indictment was nothing more than the recitation

10

of 'facts' provided within the statement of probable cause authored by Detective Moore, which as alleged previously, omitted materially relevant undisputable facts that completely contradicted the unsupported version of events by the alleged victim.

32. A new bail hearing was scheduled for November 3, 2023, in the Circuit Court. Over the State of Maryland's objection, the court granted Mr. Mollo-Coripuna a bond of $10,000.00 for his release. The release was subject to special conditions, including pretrial services supervised with GPS monitoring, including an ankle monitoring bracelet.

33. A jury trial was set for February 14, 2023, and 15, 2023. Detective Moore provided testimony during the trial as part of the State's Case-in-Chief. After the jury deliberated on February 15, 2023, Mr. Mollo-Coripuna was acquitted of all criminal charges.

34. Based on the evidence that was turned over as part of the State's discovery, which Detective Moore had in her possession for over two months prior to seeking charges, the criminal charges sought by Detective Moore were without probable cause and maliciously prosecuted in bad faith.

35. Mr. Mollo-Coripuna endured various hardships and challenges, such as the degradation of being taken into custody at his workplace, the overwhelming fear of a potential life imprisonment, a 37 day pretrial incarceration at Howard County Detention Center when he was held without bond, being on pretrial GPS monitoring with an ankle bracelet for one hundred forty-one (141) days, expending significant attorneys' fees to defend his rights in the criminal trial against a malicious prosecution, the loss of his employment stemming from the charges, and experiencing emotional distress and humiliation throughout the process and continuing to this day.

## COUNT I: MARYLAND DECLARATION OF RIGHTS
### ARTICLE 24 and 26 against Defendant Moore

36. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further:

37. Defendant violated Plaintiff's civil and constitutional rights, including his rights under Articles 24 and 26 of the Maryland Declaration of Rights.

38. Defendant's actions were without legal justification and resulted in Plaintiff's false arrest and false imprisonment and directly caused injury to Plaintiff.

39. As a direct result of Defendant's actions, Plaintiff was taken, imprisoned, disseized of his freehold liberties and privileges, outlawed, exiled, destroyed, deprived of his life, liberty, and property without the judgment of his peers or by the law of the land and was subjected to an illegal search and seizure.

40. Plaintiff's injuries, damages, and losses were solely and proximately caused by Defendant, their agents, and their employees, with no negligence on the part of Plaintiff contributing thereto.

WHEREFORE, for the foregoing reasons, Plaintiff, Richart Mollo-Coripuna, respectfully demands judgment against Defendant, Brittany Moore, in an amount exceeding $75,000.00+ as compensatory damages, punitive damages in an amount to be determined by the jury, legal fees pursuant to 42 U.S. Code §1988(b) and all other relevant Federal and State Codes, interest, and costs of this action.

### COUNT II: VIOLATION OF PLAINTIFF'S 4th AMENDMENT RIGHTS SECURED UNDER 42 U.S.C. § 1983

41. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further:

42. Defendant acted intentionally to violate Plaintiff's rights secured under Chapter 42, Section 1983 of the United States Code in their individual capacity and within the scope of their employment. Defendant engaged in activities that violated Plaintiff's rights as protected under the Constitution of the United States of America.

43. The acts and omissions of Defendant detailed within this Complaint, including, but not limited to, the filing of the Application for Statement of Charges without probable cause deprived Plaintiff of his rights under 42 U.S.C. §1983, including, but not limited freedom from arrest without probable cause, as guaranteed by the Fourth Amendment to the Constitution of the United States of America. Plaintiff has a right to be free from arrest and detention without probable cause, legal excuse, or justification and without a valid warrant. This right was denied when Plaintiff was arrested and detained without probable cause, legal excuse, justification, or a valid arrest warrant.

44. Plaintiff has a right to be free from wrongful imprisonment. This right was denied when Plaintiff was wrongfully imprisoned without legal cause, excuse, or justification.

45. Plaintiff has a protected property interest in his freedom, his ability to exercise his free will and domain over his person, and his ability to be free from unlawful and unwelcomed detention by Defendant.

46. Plaintiff was afforded less process than was due under the law, depriving him of the rights in question.

47. Defendant, at all times relevant hereto, acted under the color of law and in a manner that was not objectively reasonable.

48. By the actions detailed above, Defendant's conduct violated Plaintiff's clearly established statutory or constitutional rights, which a reasonable person would have known. Defendant deprived Plaintiff of his constitutional rights under 42 U.S.C. §1983, including, but not

limited to, freedom from wrongful arrest and detention without probable cause or a valid arrest warrant and freedom from wrongful imprisonment without probable cause or a valid arrest warrant.

49. As a result of the deprivation of his rights, Plaintiff was subjected to an unnecessary and unlawful arrest, detention, and imprisonment. Plaintiff further alleges that all of his injuries, losses, and damages past, present, and prospective were caused solely by the conduct, actions, and inactions of Defendant as set forth herein, without any negligence, want of due care, or provocation on the part of Plaintiff, either directly or indirectly.

50. As a direct and proximate result of these acts, Plaintiff suffered damages including, among others, the following: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of income; infliction of physical illness; inadequate medical care; humiliation; indignities and severe embarrassment; degradation; injury to reputation; permanent loss of natural psychological development; restrictions of all forms of personal freedom including, but not limited to, diet, sleep, personal contact, educational opportunity, vocational and professional opportunity, athletic opportunity, personal fulfillment, family relations, reading, television, movies, travel, enjoyment, and expression.

WHEREFORE, for the foregoing reasons, Plaintiff, Richart Mollo-Coripuna, respectfully demands judgment against Defendant, Brittany Moore, in an amount exceeding $75,000.00+ as compensatory damages, punitive damages in an amount to be determined by the jury, legal fees pursuant to 42 U.S. Code §1988(b) and all other relevant Federal and State Codes, interest, and costs of this action.

### COUNT III: COMMON LAW MALICIOUS PROSECUTION

51. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein,

and states further:

52. By the actions detailed above, Defendant, their agents, and their employees instituted and continued the criminal proceeding against Plaintiff, knowing that their statements were false, malicious, and without probable cause.

53. Defendant acted with malice and without probable cause in causing the warrant against Plaintiff to be issued and in the prosecution of the case.

54. On September 22, 2022, Plaintiff was charged criminally for first-degree rape, second-degree rape, third-degree sex offense, and second-degree assault in <u>State of Maryland v. Richart Norberto Mollo-Coripuna</u>, Case No. D-101-CR-22-001266.  The commissioner relied on the application for statement of charges prepared by Detective Moore against Mr. Mollo-Coripuna.

55. On September 27, 2022 at 10:15 am, Mr. Mollo-Coripuna was arrested by the HCPD at the Giant Food Store in Elkridge, Maryland, where he worked and lived. Unfortunately, he was humiliated in the presence of his colleagues, customers, and community members. The handcuffs were placed in front of him with waste belt restraints and leg irons applied publicly in the produce section.

56. On September 27, 2022, he was then transported to the Howard County Central Booking Station in Jessup, Maryland where he was held without bond.  Mr. Mollo-Coripuna was committed and continued to be held without bond for thirty-seven days until his new bail hearing on November 3, 2023, in the Circuit Court.

57. On November 3, 2023, over the State's objection, Plaintiff was granted a bond of $10,000.00 and released on pretrial services the requirement of GPS monitoring. Mr. Mollo-Coripuna continued to be on GPS monitoring for 141 days until he was acquitted of all charges.

58. On October 12, 2022, the matter was indicted and transferred to the Circuit Court of

15

Howard County, Maryland, in State of Maryland v. Richart Mollo-Coripuna, Case No. C-13-CR-22-000470, with charges of second-degree rape, two counts of fourth-degree sex offense, and second-degree assault.

59. On February 15, 2023, a criminal trial was held before Judge Kramer, and Plaintiff was found not guilty of all criminal charges against him in State of Maryland v. Richart Mollo-Coripuna, Case No. C-13-CR-22-000470 (Circuit Court of Howard County, Maryland).

60. Defendant had no probable cause to arrest the Plaintiff or prosecute a baseless charge against him. The proceedings were instituted when Detective Moore secured an arrest warrant and submitted a Defendant failed to properly assess whether there was probable cause for the charges that were issued.

61. Malice, or a motive other than bringing the Plaintiff to justice, was the primary purpose of Defendant in instituting the proceedings against the Plaintiff.

62. Following the jury deliberation, the termination of the criminal proceedings was in favor of the Plaintiff. Plaintiff was found by a jury not guilty of all counts, including two counts of second-degree rape, two counts of fourth-degree sexual offense, and one count of second-degree assault.

63. As a result of Defendant's conduct and actions, Plaintiff has suffered and will continue to suffer severe mental anguish, loss of reputation, medical and other related expenses.

64. Plaintiff expended significant attorneys' fees and lost revenue during his period of incarceration and his reputation was damaged.

65. Plaintiff also incurred significant legal expenses in defending against the criminal charges brought by the Defendant.

WHEREFORE, for the foregoing reasons, Plaintiff, Richart Mollo-Coripuna, respectfully

demands judgment against Defendant, Brittany Moore, in an amount exceeding $75,000.00+ as compensatory damages, punitive damages in an amount to be determined by the jury, legal fees pursuant to 42 U.S. Code §1988(b) and all other relevant Federal and State Codes, interest, and costs of this action.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Respectfully submitted,
KURTZ, PETERS & ASSOCIATES LLC

By:   */s/ Benjamin Matthew Kurtz*
Benjamin M. Kurtz
Maryland Federal Bar # 20602
350 Camino Gardens Blvd., Suite 300
Boca Raton, Florida 33432
Ph: 301-685-3911 Fx: 301-685-3674
bkurtz@kurtzandpeters.com
Counsel for Plaintiff

*And*

*/s/ Sakhouy Lay*
Sakhouy Lay, Esq.
LAY LAW OFFICE LLC.
Maryland Federal Bar # 18736
20 Courthouse Square, Suite 212
Rockville, MD 20850
Tel: (301) 340-1900 Fax: (301) 576-5026
slayesq@gmail.com

## JURY DEMAND

Plaintiff, by and through undersigned counsel, respectfully demands a jury trial on all issues and causes of action contained herein.

*/s/ Benjamin Matthew Kurtz*
Benjamin Matthew Kurtz, Esq.