**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **RICHART MOLLO-CORIPUNA,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. CJC-26-0619** |
| **BRITTANY MOORE,** | * | |
| **Defendant.** | * | |

**MEMORANDUM OPINION**

Plaintiff Richart Mollo-Coripuna brings this action against Defendant Brittany Moore, a detective who investigated allegations that Plaintiff sexually assaulted Luz de Angeles Colocho ("Colocho") in February 2022. Following that investigation, Plaintiff was arrested, indicted, and prosecuted on rape, sexual offense, and assault charges. A jury acquitted him of all charges on February 15, 2023.

Plaintiff alleges that Defendant violated his rights under the Fourth Amendment and Articles 24 and 26 of the Maryland Declaration of Rights by causing him to be arrested and prosecuted without probable cause. He also asserts a claim for malicious prosecution under Maryland law. According to Plaintiff, Defendant obtained and reviewed evidence during her investigation that contradicted portions of Colocho's account but omitted that evidence when Defendant sought charges against Plaintiff. Plaintiff further alleges that Defendant sought a first-degree rape charge despite the absence of facts establishing the aggravating circumstances required for that offense.

Defendant has filed a Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). ECF No. 16. The Motion is fully briefed, and no hearing is

necessary. *See* Local Rule 105.6. For the reasons that follow, Defendant's Motion will be granted in part and denied in part.[1]

## I. FACTUAL BACKGROUND

The following facts are drawn from the Complaint and accepted as true for purposes of the pending Motion. *See* ECF No. 1.

Plaintiff and Colocho were in a romantic relationship in February 2022. ECF No. 1 ¶ 11. In the days leading up to February 20, the two exchanged affectionate text messages and discussed getting a hotel room and having sex. ECF No. 1 ¶ 11. On February 20, they went together to the Valencia Motel in Laurel, Maryland. ECF No. 1 ¶ 11. Surveillance footage allegedly shows Colocho leaving the vehicle, approaching Plaintiff, taking his hand, and walking with him into the motel. ECF No. 1 ¶ 20. The two exchanged affectionate messages the next day, and their relationship ended on February 22. ECF No. 1 ¶ 11.

The following day, Colocho was transported to Montgomery General Hospital, where she accused Plaintiff of raping and assaulting her during their encounter at the motel. ECF No. 1 ¶ 12. Detective Brittany Moore interviewed Colocho the next day. ECF No. 1 ¶ 12. Colocho told Defendant that Plaintiff had disregarded her objections concerning the end of their relationship and had threatened her concerning her immigration status. ECF No. 1 ¶ 14. She recounted that

[1] On October 14, 2026, Plaintiff filed a Motion for Leave to File a Surreply. ECF No. 21. Under Local Rule 105.2(a), surreplies are not permitted unless otherwise ordered by the Court. Leave may be appropriate, however, when a party would otherwise lack an opportunity to address matters raised for the first time in a reply. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). Here, Defendant relied on *L.M. by Roe #1 v. Graham*, 168 F.4th 196 (4th Cir. 2026), for the first time in her Reply. ECF No. 20 at 1–4. Plaintiff seeks leave to address that authority and Defendant's related probable-cause argument. ECF No. 21 at 1–2. Because the Motion for Leave is unopposed and Plaintiff seeks to respond to arguments raised for the first time in Defendant's Reply, the Court grants the Motion for Leave, ECF No. 21, and considers Plaintiff's Surreply in resolving Defendant's Motion to Dismiss.

Plaintiff then drove her to the Valencia Motel. ECF No. 1 ¶ 14. Once inside the room, Colocho said, Plaintiff made her undress, grabbed her hair, struck her buttocks, and inserted a finger into her anus. ECF No. 1 ¶ 14. She further reported that Plaintiff continued despite her pleas that he stop and her expressions of pain, and subsequently penetrated her vagina with his penis. ECF No. 1 ¶ 14.

Defendant spent the following months investigating Colocho's allegations. ECF No. 1 ¶¶ 27, 34. As part of that investigation, law enforcement obtained Plaintiff's cellular telephone and conducted a forensic extraction of its contents. ECF No. 1 ¶ 19 Defendant reviewed that extraction and translated communications between Plaintiff and Colocho. ECF No. 1 ¶¶ 19, 25.

Those materials, according to the Complaint, contained information that did not align with portions of Colocho's account. ECF No. 1 ¶¶ 19–20. The extracted messages showed that Plaintiff and Colocho had discussed obtaining a hotel room and engaging in sexual activity, including a message in which Colocho asked Plaintiff to secure a room. ECF No. 1 ¶ 20. The extraction contained no written threats concerning Colocho's immigration status and no admission by Plaintiff that he had committed a crime. ECF No. 1 ¶ 20. And on the morning after the alleged assault, Colocho sent Plaintiff an affectionate message: "Good morning, love." ECF No. 1 ¶ 20.

Other evidence gathered during the investigation allegedly revealed additional discrepancies. ECF No. 1 ¶ 20. The motel surveillance footage showed Colocho voluntarily leaving the vehicle, approaching Plaintiff, holding his hand, and walking with him into the motel. ECF No. 1 ¶ 20. GPS information also contradicted Colocho's account concerning the number of hotels the two had visited before arriving at the Valencia Motel. ECF No. 1 ¶ 20.

By September 22, 2022, Defendant had allegedly possessed and reviewed this evidence. ECF No. 1 ¶¶ 19–21, 27. That day, she submitted an Application for Statement of Charges without

including the evidence. ECF No. 1 ¶¶ 19–21, 27. Defendant requested charges of first-degree rape, second-degree rape, third-degree sexual offense, and second-degree assault. ECF No. 1 ¶ 14.

Plaintiff alleges that Defendant's application did not identify the aggravating circumstances necessary to support a first-degree rape charge. ECF No. 1 ¶¶ 14, 23. According to the Complaint, Defendant later acknowledged at trial that she understood the distinction between first- and second-degree rape and that requesting the greater charge had been a "mistake." ECF No. 1 ¶ 23.

An arrest warrant was served on Plaintiff on September 27, 2022. ECF No. 1 ¶ 15. Plaintiff alleges that, as a result of being charged with first-degree rape, he was held without bond. ECF No. 1 ¶ 24. He remained incarcerated for 37 days, until November 3, 2022, and was then subjected to GPS monitoring for another 141 days. ECF No. 1 ¶¶ 16–17, 32.[2]

On October 12, 2022, a grand jury indicted Plaintiff on two counts of second-degree rape, two counts of fourth-degree sexual offense, and one count of second-degree assault. ECF No. 1 ¶ 28. The indictment did not include first-degree rape. ECF No. 1 ¶ 28. The case proceeded to trial. ECF No. 1 ¶ 23. On February 15, 2023, the jury acquitted Plaintiff of all charges. ECF No. 1 ¶ 33.

Nearly three years later, on February 14, 2026, Plaintiff filed this action against Defendant. ECF No. 1. Count I alleges violations of Articles 24 and 26 of the Maryland Declaration of Rights. ECF No. 1 ¶¶ 36–40. Count II asserts a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment. ECF No. 1 ¶¶ 41–50. Count III asserts malicious prosecution under Maryland

[2] Although Plaintiff asserts that he was subject to GPS monitoring for 141 days, the period between November 3, 2022, and February 15, 2023, spans only 104 days. ECF No. 1 ¶ 17. The 141-day figure appears to reflect the combined duration of Plaintiff's pretrial detention and GPS monitoring. ECF No. 1 ¶¶ 16–17 (alleging 37 days of pretrial detention followed by GPS monitoring).

common law. ECF No. 1 ¶¶ 51–65. Defendant seeks dismissal of all Counts. ECF No. 16-1 at 1.[3] Plaintiff does not oppose dismissal of his Article 24 claim in Count I, leaving for consideration his claims under Article 26, the Fourth Amendment, and Maryland common law. ECF No. 19 at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require "detailed factual allegations," a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss under Rule 12(b)(6) may be granted when the complaint fails to state a legally sufficient claim for relief. To survive dismissal, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible when the facts alleged permit the Court "to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor. *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). The Court need not, however, accept legal conclusions or conclusory characterizations of the facts. *Iqbal*, 556 U.S. at 678. The Court generally confines its review to the Complaint and documents properly incorporated into it. *Goines v. Valley Community Services Board*, 822 F.3d 159, 165–66 (4th Cir. 2016). It does not

[3] Citations to the parties' filings refer to the page number provided in the CM/ECF filing header, not the PDF pagination.

resolve factual disputes or require a plaintiff to prove his allegations at this stage. *Robertson v. Sea Pines Real Est. Companies, Inc.*, 679 F.3d 278, 291 (4th Cir. 2012).

## III. DISCUSSION

The Court addresses a threshold issue—the ambiguity of Plaintiff's claims in Counts I and II and Defendant's challenge that, to the extent those Counts assert claims of false arrest or false imprisonment, they are untimely. The Court agrees, although that conclusion does not bar Plaintiff's claim challenging his seizure pursuant to allegedly defective legal process.

### A. Statute of Limitations

Defendant construes Counts I and II as potentially encompassing claims for false arrest and imprisonment. In Count I, Plaintiff alleges that Defendant violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights. ECF No. 1 ¶¶ 36–40. Specifically, Plaintiff alleges that Defendant's actions resulted in Plaintiff's "false arrest and false imprisonment" and arose when Plaintiff "was taken, imprisoned, disseized of his freehold liberties and privileges, outlawed, exiled, destroyed, deprived of his life, liberty, and property without the judgment of his peers or by the law of the land and was subjected to an illegal search and seizure." ECF No. 1 ¶¶ 38–39. Similarly, Count II, which alleges a violation of Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983, alleges, in part, that Plaintiff was denied the right to be free from wrongful imprisonment and that Plaintiff "was wrongfully imprisoned without legal cause, excuse, or justification." ECF No. 1 ¶ 44.

In order to determine the timeliness of a claim for false arrest or false imprisonment pursuant to Section 1983, the Court must look to Maryland law, as Section 1983 borrows the forum State's general statute of limitations for personal-injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Maryland, that period is three years. Md. Code Ann., Cts. & Jud. Proc. § 5-101;

*Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999). Federal law determines when a Section 1983 claim accrues. *Wallace*, 549 U.S. at 388. The accrual date depends in part on the common-law tort most analogous to the alleged constitutional injury. *McDonough v. Smith*, 588 U.S. 109, 115 (2019). A false arrest or false imprisonment claim accrues when the plaintiff becomes detained pursuant to legal process. *Wallace*, 549 U.S. at 389–92, 397. By contrast, a claim alleging that a seizure pursuant to legal process was unsupported by probable cause is analogous to malicious prosecution. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996). Such a claim requires favorable termination of the underlying prosecution. *See Thompson v. Clark*, 596 U.S. 36, 39, 49 (2022); *McDonough*, 588 U.S. at 120–25.

Here, Plaintiff was arrested pursuant to a warrant on September 27, 2022, and was indicted on October 12, 2022. ECF No. 1 ¶¶ 15, 28. Any claim based on false arrest or false imprisonment before the institution of legal process therefore accrued in 2022. Because Plaintiff did not file this action until February 14, 2026, any such claim is untimely.

Plaintiff, however, explains in his Opposition that he is not pursuing a claim based on warrantless or pre-process detention. ECF No. 19-1 at 10. Rather, he challenges Defendant's alleged procurement of legal process without probable cause. ECF No. 19-1 at 11–12. That claim did not become actionable until the criminal proceedings terminated in Plaintiff's favor. Plaintiff was acquitted on February 15, 2023, and filed this action on February 14, 2026.

Accordingly, to the extent Counts I and II assert a distinct false arrest or false imprisonment claim arising before legal process, those claims are untimely. Plaintiff's claims challenging his seizure pursuant to legal process, however, are timely.

### B. Plaintiff's Claims Under Section 1983, Article 26, and Maryland Common Law

At the center of Plaintiff's claims in Counts I through III is the allegation that Defendant lacked probable cause to prosecute Plaintiff and acted with malice in pursuing criminal charges against Plaintiff. ECF No. 1 ¶¶ 21, 34, 43, 52–53, 60–61. Specifically, Plaintiff contends that Defendant omitted material exculpatory evidence from her Application for Statement of Charges, which, if included, would have defeated a finding of probable cause. ECF No. 1 ¶¶ 21, 34. Plaintiff also challenges Defendant's request for a first-degree rape charge, which he alleges was unsupported by probable cause and caused his detention without bond. ECF No. 1 ¶¶ 14, 23–24.

The Court addresses the allegedly omitted evidence first, then considers the first-degree rape charge separately under *Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024). Finally, the Court considers whether Plaintiff has plausibly alleged malice for purposes of his Maryland common-law claim.

#### 1. Probable Cause and the Allegedly Omitted Evidence

A Fourth Amendment claim based on such an alleged omission presents a two-step inquiry. First, the Court asks whether the officer omitted material facts—that is, facts whose inclusion was "necessary" to the probable-cause determination. *Moretti v. Thorsdottir*, 157 F.4th 352, 362 (4th Cir. 2025). Second, if the omitted facts were material, the Court considers whether the officer omitted them "with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Id.* at 360 (quoting *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007)).

Probable cause exists when the facts and circumstances known to an officer are sufficient to warrant a prudent person in believing that the suspect committed an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). It is a practical inquiry based on the totality of the circumstances and requires

only a "fair probability" of criminal activity. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The standard does not demand certainty that a crime has occurred; rather, probable cause "requires more than bare suspicion" but "less than that evidence necessary to convict." *Moretti*, 157 F.4th at 360 (quoting *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998)). Nor must an officer "rule out a suspect's innocent explanation for suspicious facts" before concluding that probable cause exists. *District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018). Thus, "[t]he probable cause bar is a low one." *Moretti*, 157 F.4th at 364.

An identified victim's accusation may provide probable cause. The Fourth Circuit has observed that "it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim." *Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991). An officer nevertheless may not deliberately or recklessly obtain legal process through material false statements or omissions. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *Miller*, 475 F.3d at 627–28. Courts evaluate materiality by adding the omitted information to the warrant application and determining whether the corrected application would still establish probable cause. *Miller*, 475 F.3d at 628.

The Fourth Circuit recently applied these principles in *L.M. by Roe #1 v. Graham*, 168 F.4th 196 (4th Cir. 2026). There, a detective relied on an eyewitness who identified a student as one of the perpetrators of a sexual assault. *Id.* at 200. The plaintiff alleged that the detective omitted evidence that the eyewitness had previously made a false accusation against him, that the plaintiff was not in the relevant P.E. class when the assault allegedly occurred, and that the victim denied portions of the eyewitness's account. *Id.* at 201–02. The Fourth Circuit held that the omissions were not material. The eyewitness had provided a specific identification and detailed account, and

the omitted information did not negate probable cause when considered with the information supporting the accusation. *Id.* at 202–03.

The same principle applies here. Plaintiff identifies several categories of information that Defendant allegedly possessed but omitted from her application: the parties' communications concerning a planned sexual encounter, surveillance footage showing Colocho voluntarily entering the motel with Plaintiff, the absence of written immigration threats, Colocho's affectionate message the following morning, information concerning which party ended their communications, and GPS evidence contradicting Colocho's account of the number of hotels visited. ECF No. 1 ¶ 20. Taken as true, those facts provide information relevant to Colocho's credibility and to the circumstances surrounding the encounter. But they do not contradict the central allegation on which probable cause rested.

According to the Complaint, Colocho told Defendant that, once inside the motel room, Plaintiff grabbed her hair, struck her buttocks, inserted a finger into her anus, and continued despite her pleas that he stop and her expressions of pain. ECF No. 1 ¶ 14. She further alleged that Plaintiff then penetrated her vagina with his penis. ECF No. 1 ¶ 14. The communications showing that Plaintiff and Colocho previously planned to engage in sexual activity do not negate those allegations. Even if Colocho voluntarily agreed to meet Plaintiff and initially intended to have sex with him, those facts are not inconsistent with her allegation that she subsequently told him to stop.

The surveillance footage is similar. Plaintiff alleges that the footage showed Colocho voluntarily leaving the vehicle, approaching Plaintiff, holding his hand, and entering the motel. ECF No. 1 ¶ 20. That evidence may contradict any suggestion that Colocho was forced into the motel. It does not, however, contradict her description of what allegedly occurred after the parties entered the room.

The absence of immigration threats in the extracted text messages also does not negate probable cause. The Complaint alleges that Colocho reported that Plaintiff "made immigration threats." ECF No. 1 ¶ 14. It does not allege that Colocho claimed those threats were made by text message. The absence of written threats therefore does not establish that no threats were made. More importantly, the alleged threats were not necessary to Colocho's allegation that Plaintiff subsequently sexually assaulted her.

Nor does Colocho's alleged "Good morning, love" message the following morning eliminate probable cause. ECF No. 1 ¶ 20. That message could have been relevant to Colocho's credibility and supported Plaintiff's defense to the criminal charges. But the relevant question at this stage is not whether the message could have created reasonable doubt to support Plaintiff's acquittal but rather, considering the message together with the remaining information, there was still a fair probability that an offense occurred. *See Gates*, 462 U.S. at 238; *see also* Patricia L. Fanflik, American Prosecutors Research Institute, *Victim Responses to Sexual Assault: Counterintuitive or Simply Adaptive?* 21 (2007) (observing that "[a] victim's reaction may appear counterintuitive to the average person but her reaction is based on that particular victim's experiences"; and cautioning that labelling a victim's response "counterintuitive" reinforces the assumption "that all victims should react in the same manner or that there is a 'normal' or 'intuitive' way to react to sexual victimization").

The same is true of the alleged discrepancies concerning which party ended communications and the number of hotels visited. Those facts could be used to challenge the accuracy of Colocho's account, but neither directly contradicts her allegation concerning what occurred inside the motel room.

Considered collectively, the omitted information does not alter a finding of probable cause for the underlying sexual assault offenses. A corrected application would have informed the judicial officer that Plaintiff and Colocho had a romantic relationship, had previously discussed engaging in sexual activity, voluntarily entered the motel together, and exchanged an affectionate message the following morning. It also would have disclosed the absence of written immigration threats and the inconsistencies Plaintiff identifies concerning other portions of Colocho's account. But the corrected application would still contain Colocho's specific allegation that Plaintiff sexually penetrated her and continued doing so after she told him to stop and expressed pain.

As in *L.M. by Roe #1*, the omitted information could have provided reasons to question the complaining witness's account, but it was not sufficient to negate probable cause. *See* 168 F.4th at 202–03. The Fourth Amendment does not require an investigating officer to resolve every credibility issue or "exhaust every potentially exculpatory lead or resolve every doubt" before proceeding on otherwise sufficient evidence. *Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000) (citations omitted); *see also Evans v. Chalmers*, 703 F.3d 636, 651 (4th Cir. 2012) ("Affiants are not required to include every piece of exculpatory information in affidavits.").

Plaintiff draws a distinction between the instant case and *Moretti v. Thorsdottir* 157 F.4th 352. In *Moretti*, the Fourth Circuit concluded that certain allegedly exculpatory information did not undermine probable cause, including information the detective did not possess when the detective sought the warrant. *See Moretti*, 157 F.4th at 360–64. Plaintiff argues that the circumstances here warrant a different result because Defendant allegedly possessed and reviewed the forensic extraction, GPS information, and surveillance footage before seeking charges. ECF No. 19-1 at 14. That distinction may be relevant to whether Defendant acted deliberately or recklessly in omitting the information but Plaintiff must also establish materiality. *See Moretti*,

157 F.4th at 360. Because the corrected application would still have established probable cause, the alleged omissions are not material within the meaning of *Franks* and *Miller*.

Plaintiff also argues that determining the significance of the omitted evidence would improperly require the Court to weigh competing factual inferences at the pleading stage. The Court disagrees. For purposes of this Motion, the Court accepts Plaintiff's description of the omitted evidence as true. The question is whether an application containing that evidence, together with Colocho's allegations, would still have established probable cause. That is the corrected-affidavit analysis required by *Miller* and applied at the pleading stage in *Moretti* and *L.M. by Roe #1*. *See L.M. by Roe #1*, 168 F.4th at 201–03.

The grand jury's subsequent indictment further supports Defendant's position. Ordinarily, an indictment "fair upon its face" returned by a properly constituted grand jury establishes probable cause. *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012). That rule does not protect an officer who deliberately or recklessly provides materially misleading information that causes the seizure. *Id.* But, as explained above, Plaintiff has not plausibly alleged a material omission sufficient to undermine probable cause for the underlying sexual assault offenses.

Accordingly, Plaintiff has not plausibly alleged that the omitted evidence negated probable cause for the second-degree rape, fourth-degree sexual offense, and second-degree assault charges. That conclusion, however, does not resolve whether Defendant had probable cause to seek a first-degree rape charge, which Plaintiff challenges on a separate ground.

#### *2.* The First-Degree Rape Charge Under *Chiaverini*

Plaintiff also relies on Defendant's alleged admission at trial that requesting a first-degree rape charge was a "mistake." ECF No. 1 ¶¶ 23, 25–26. In his Surreply, Plaintiff argues that this

charge independently supports his Fourth Amendment claim because Defendant lacked probable cause to request it and the charge caused his detention without bond. ECF No. 23 at 4–5.

In *Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024), the Supreme Court held that probable cause for one charge does not categorically defeat a Fourth Amendment malicious-prosecution claim based on another charge unsupported by probable cause. *Id.* at 561–64. But the unsupported charge must have caused or prolonged the plaintiff's detention. *Id.* at 564–65. The Court expressly reserved the precise causation standard applicable when supported and unsupported charges are brought together. *Id.*

Here, Plaintiff plausibly alleges that Defendant lacked probable cause to request first-degree rape. Unlike second-degree rape, first-degree rape requires an additional aggravating circumstance, such as a dangerous weapon, serious physical injury, or a qualifying threat of death or serious injury. *Compare* Md. Code Ann., Crim. Law § 3-303(a)(1)–(2), *with id.* § 3-304(a)(1). The allegations attributed to Colocho do not identify such a circumstance. ECF No. 1 ¶ 14. Moreover, Defendant allegedly acknowledged at trial that requesting first-degree rape was a "mistake" and that she knew the distinction between the two offenses. ECF No. 1 ¶ 23. Accepting these allegations as true, the Court cannot conclude that probable cause supported the first-degree rape charge.

The more consequential question is whether that charge caused or prolonged Plaintiff's detention. Plaintiff expressly alleges that "[a]s a result of being charged with first-degree rape, he was held without bond." ECF No. 1 ¶ 24. He was arrested on September 27, 2022, and remained incarcerated without bond for 37 days. ECF No. 1 ¶¶ 15–16. Although a grand jury subsequently indicted Plaintiff on lesser charges, it did not indict him for first-degree rape. ECF No. 1 ¶ 28.

At this stage, the Court cannot determine whether Plaintiff would have been detained without bond on the remaining charges alone. But the Complaint expressly attributes his detention without bond to the first-degree rape charge. ECF No. 1 ¶ 24. Drawing reasonable inferences in Plaintiff's favor, the Court cannot conclude that the unsupported charge did not cause or prolong his detention. That is sufficient at the pleading stage under *Chiaverini*, which left the precise causation test unresolved. 602 U.S. at 564–65. Whether Plaintiff can establish the necessary causal connection is better resolved on a fuller record.

The same conclusion applies to Plaintiff's Article 26 claim. Article 26 of the Maryland Declaration of Rights is generally interpreted *in pari materia* with the Fourth Amendment. *Richardson v. McGriff*, 361 Md. 437, 452–53 (2000). Accordingly, Plaintiff has plausibly alleged a violation of Article 26 based on the first-degree rape charge.

Thus, Plaintiff's Fourth Amendment claim under Section 1983 (Count II) and Article 26 claim (Count I) may proceed insofar as they arise from Defendant's request for first-degree rape.

**3. Malice**

Plaintiff also asserts a claim for malicious prosecution under Maryland common law. To sustain that claim, Plaintiff must plausibly allege that Defendant instituted or continued criminal proceedings against him without probable cause and with malice, and that those proceedings terminated in his favor. *Heron v. Strader*, 361 Md. 258, 264 (2000). Although malice is not an element of a Fourth Amendment claim for unreasonable seizure, *Durham v. Horner*, 690 F.3d 183, 189 n.7 (4th Cir. 2012), it is an essential element of malicious prosecution under Maryland law. *Heron*, 361 Md. at 264.

Under Maryland law, malice exists when the defendant's primary purpose in instituting the proceeding was something other than bringing an offender to justice. *Montgomery Ward v. Wilson*,

339 Md. 701, 719 (1995). A plaintiff need not establish that the defendant acted out of spite, personal animosity, or a desire for revenge. *Id.* Rather, malice encompasses an improper purpose for invoking the criminal process. *Id.* at 718–19. And although malice and lack of probable cause are distinct elements, Maryland courts have long recognized that malice may be inferred from the absence of probable cause. *Id.* at 734; *DiPino v. Davis*, 354 Md. 18, 55 (1999).

In *Montgomery Ward*, the Supreme Court of Maryland explained that when a plaintiff presents sufficient evidence of a lack of probable cause to submit that question to a jury, the jury may also infer malice from that absence. 339 Md. at 717–18. The inference, however, is permissible rather than mandatory: a prosecution undertaken without probable cause may result from negligence rather than an improper motive. *Id.* at 735. But the plaintiff need not independently establish personal hostility or another improper purpose to permit consideration of malice. *See id.*

Here, the Court has concluded that the allegedly omitted evidence did not negate probable cause for the underlying sexual-assault offenses. *See supra* Section III.B.1. Plaintiff therefore cannot rely on those omissions to establish an absence of probable cause. But the Court has also concluded that Plaintiff plausibly alleged that Defendant sought a first-degree rape charge without probable cause. *See supra* Section III.B.2. The question is whether that allegedly unsupported charge may independently sustain Plaintiff's common-law claim.

Although *Chiaverini* held that probable cause for one charge does not categorically defeat a Fourth Amendment malicious-prosecution claim based on another unsupported charge, 602 U.S. at 561–64, that decision did not resolve the requirements of Maryland common law. Maryland courts have not squarely addressed whether probable cause for some charges necessarily defeats a malicious-prosecution claim arising from a separate, unsupported charge. In *Candelero v. Cole*,

152 Md. App. 190 (2003), the Appellate Court of Maryland rejected a malicious-prosecution claim where the plaintiff was convicted of one offense, notwithstanding the State's abandonment of several other charges. *Id.* at 199–200. But that decision concerned favorable termination, not whether probable cause must be assessed separately for each charge. *Id.* Unlike the plaintiff in *Candelero*, Plaintiff here was acquitted of every charge.

The Court need not determine the full reach of a charge-specific theory under Maryland law at this stage. Plaintiff alleges that Defendant initiated criminal proceedings by requesting first-degree rape without facts establishing the aggravating circumstances required for that offense. ECF No. 1 ¶¶ 14, 23. He further alleges that the charge caused him to be detained without bond. ECF No. 1 ¶ 24. These allegations concern the initiation of an allegedly unsupported criminal charge and its consequences, not merely a defect in the evidence supporting otherwise justified charges. Drawing reasonable inferences in Plaintiff's favor, the Court concludes that probable cause for the lesser offenses does not, on the present allegations, require dismissal of the common-law claim insofar as it arises from the first-degree rape charge.

Nor does the issuance of an arrest warrant necessarily defeat that claim. Under Maryland law, a warrant issued by a neutral judicial officer creates a strong presumption that the officer reasonably believed probable cause existed. *Rovin v. State*, 488 Md. 144, 191–93 (2024). That presumption, however, is not absolute. *Id.* Plaintiff alleges that Defendant requested first-degree rape despite knowing the distinction between that offense and second-degree rape, and that the facts presented did not establish the aggravating circumstances required for the greater charge. ECF No. 1 ¶¶ 14, 23. At this stage, the Court cannot conclude that the warrant forecloses Plaintiff's claim based on that allegedly unsupported charge.

Finally, although Defendant reportedly characterized the decision to bring the first-degree rape charge as a "mistake," the Court cannot determine at the pleading stage whether it reflected negligence or an improper purpose. And because Maryland law permits malice to be inferred from a lack of probable cause, Plaintiff need not separately allege that Defendant acted out of personal animosity or sought some private benefit. *See Montgomery Ward*, 339 Md. at 735. Whether Plaintiff can ultimately establish malice is likewise better resolved on a fuller record.

Accordingly, Plaintiff's Maryland common-law malicious-prosecution claim (Count III) may proceed insofar as it arises from Defendant's request for first-degree rape. To the extent Count III rests on the allegedly omitted evidence or the remaining charges, it will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 16, will be granted in part and denied in part. Plaintiff's Article 24 claim and any distinct claims for false arrest or false imprisonment arising before the institution of legal process will be dismissed. Plaintiff's Fourth Amendment claim under Section 1983 (Count II), Article 26 claim (Count I), and Maryland common-law malicious-prosecution claim (Count III) may proceed insofar as they arise from Defendant's request for a first-degree rape charge. A separate Order follows.

Date: November 16, 2026

/s/
Chelsea J. Crawford
United States Magistrate Judge